# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2025

Lyle W. Cayce
Clerk

———————————

No. 25-20253
Summary Calendar

———————————

Curtis Murphy,

*Plaintiff—Appellant*,

*versus*

Frank Nania,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-4940

_____

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

After he lost the lawsuit that followed an insurance company's denial of coverage for fire damage to his property, Curtis Murphy (Murphy) sued the adjuster, Frank Nania (Nania). The district court dismissed Murphy's claims as barred by res judicata. We AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-20253

## I.

Murphy submitted a claim to his insurer, Meridian Insurance Company (Meridian), for fire damage to residential property he owned in Texas. Meridian denied the claim and filed a declaratory judgment action against Murphy, seeking a declaration that it was not liable under the insurance policy. He counterclaimed in response. Meridian moved for summary judgment on Murphy's counterclaims, and the district court granted the motion in part. After a jury unanimously found in Meridian's favor, the district court entered a final judgment granting Meridian's request for declaratory judgment and a take nothing judgment on Murphy's remaining counterclaims. A panel of this court affirmed on appeal.

Murphy then sued the insurance adjuster employed by Meridian who sent him the letter denying his claim, Nania. Nania removed the suit to federal court and moved to dismiss Murphy's claims. A magistrate judge found that Murphy's claims were barred by res judicata and recommended that Nania's motion be granted. The district court adopted the recommendation over Murphy's objections and dismissed his claims with prejudice. Murphy timely appealed.

## II.

Murphy argues that the district court erred in dismissing his claims against Nania under Rule 12(b)(6) of the Federal Rules of Civil Procedure as barred by the doctrine of res judicata. We review a district court's dismissal under Rule 12(b)(6) de novo. *Sacks v. Tex. S. Univ.*, 83 F.4th 340, 344 (5th Cir. 2023) (citation omitted).

"Res judicata bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Id.* (citation modified) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005)). The doctrine applies when "(1) the parties are identical or in privity;

2

(2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.* (quoting *Test Masters Educ. Servs.,* 428 F.3d at 571). In determining whether two lawsuits involve the same claim or cause of action, "the critical issue is whether the two actions are based on the same nucleus of operative facts." *Id.* (citation modified).

Murphy argues that res judicata does not bar his claims because his lawsuit names a different defendant. But res judicata bars claims where "the parties are identical or in privity." *Id.* (citation modified). Here, the "vicarious liability relationship between an employer and employee [creates] the requisite privity" between Nania and Meridian to satisfy the first element of res judicata. *See id.* at 346 (citing *Lubrizol Corp. v. Exxon Corp.*, 871 F.2d 1279, 1288-89 (5th Cir. 1989)).

Murphy also challenges the fourth element of res judicata based on "previously unavailable evidence of fraud on the court" that forms "new and distinct causes of action" against Nania. But the new evidence comes from trial testimony and court filings in the prior lawsuit, demonstrating that the claims in both lawsuits arise from the same operative facts—the denial of coverage for fire damage to his property. Res judicata bars Murphy from now litigating claims based on those facts, including claims that "should have been raised in [the] earlier suit." *See id.* at 344 (citation modified). Moreover, even "new evidence that relates to the operative facts in a complaint does not defeat res judicata if the plaintiff had the opportunity to effectively litigate the underlying matter in the first instance." *See Nix v. Major League Baseball*, 62 F.4th 920, 929 n.9 (5th Cir. 2023).

## III.

The judgment of the district court is AFFIRMED.